WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Greg Jarman, | No. CV-18-00526-PHX-SMB |
| Plaintiff, | **ORDER** |
| v. | |
| American Family Insurance Company, | |
| Defendant. | |

Pending before the Court is Plaintiff Greg Jarman's Motion for Attorneys' Fees, Non-Taxable Expenses, and Pre- and Post-Judgment Interest. (Doc. 219.) Defendant, American Family Insurance Company ("American Family"), responded, (Doc. 224), and Plaintiff replied. (Doc. 227.) The Court has considered the pleadings and attached exhibits and now issues this order granting in part and denying in part Plaintiff's motion.

**I.   BACKGROUND**

Plaintiff files this motion after obtaining a $4.5 million jury verdict against American Family for insurance bad faith on September 4, 2020 after a seven-day trial. The verdict consisted of a $300,000 award for Plaintiff's future medical needs and $4.2 million for Plaintiff's pain and suffering. (Doc. 207.) The Court has since remitted the jury's pain and suffering verdict to $2.5 million.[1] (Doc. 240.) Plaintiff accepted the remitter on April 23, 2021. (Doc. 243.) Plaintiff has now brought this motion seeking $1,042,535 in attorneys' fees and $74,008.24 in costs and expenses. (Doc. 219 at 14.) The motion seeks

---

[1] The total verdict, after remittitur, is $2.8 million.

attorneys' fees on behalf of Mr. Chami, Mr. Shah, and Ms. Gerardy all of whom represented the Plaintiff during this litigation and at trial. (*Id.* at 4.)

## II. LEGAL STANDARD

### A. A.R.S. § 12-341.01

A federal court sitting in diversity applies state law in deciding whether to allow attorneys' fees because state laws regarding attorneys' fees are generally considered substantive law. *Northon v. Rule*, 637 F.3d 937, 938 (9th Cir. 2011). A.R.S. § 12-341.01(A) allows courts to award the successful party its reasonable attorneys' fees in any action arising out of breach of contract. An action alleging insurance bad faith is one "arising out of contract" withing the meaning of A.R.S. § 12-341.01(A). *Sparks v. Republic Nat. Life Ins. Co.*, 647 P.2d 1127, 1142 (Ariz. 1982); *Lange v. Penn Mut. Life Ins. Co.*, 843 F.2d 1175, 1183-84 (9th Cir. 1988) (recognizing that the Arizona Supreme Court has upheld fee awards under A.R.S. § 12-341.01). Such an award "'may not exceed the amount paid or agreed to be paid'" from the client to the attorney in the applicable fee agreement. *Associated Indem. Corp. v. Warner*, 694 P.2d 1181, 1184 (Ariz. 1985) (citing A.R.S. § 12-341.01(B)). Useful factors to assist the trial judge in determining whether attorneys' fees should be granted under the statute are:

> 1. The merits of the claim or defense presented by the unsuccessful party.
> 2. The litigation could have been avoided or settled and the successful party's efforts were completely superfluous in achieving the result.
> 3. Assessing fees against the unsuccessful party would cause an extreme hardship.
> 4. The successful party did not prevail with respect to all of the relief sought.
> 5. The novelty of the legal question presented, and whether such claim or defense had previously been adjudicated in this jurisdiction.
> 6. Whether the award in any particular case would discourage other parties with tenable claims or defenses from litigating or defending legitimate contract issues for fear of incurring liability for substantial amounts of attorney's fees.

*Associated Indem.*, 694 P.2d at 1184.

### B. Lodestar Method

A district court must calculate awards for attorneys' fees using the "lodestar" method. *Ferland v. Conrad Credit Corp.*, 244 F.3d 1145, 1149 n. 4 (9th Cir. 2001); *Defenbaugh v. JBC & Assocs. PC*, No. 04-16866, 2006 U.S. App. LEXIS 19930, at *2-*3 (9th Cir. Aug. 3, 2006). "The 'lodestar' is calculated by multiplying the number of hours the prevailing party *reasonably expended* on the litigation by a reasonable hourly rate." *Morales v. City of San Rafael*, 96 F.3d 359, 363 (9th Cir. 1996) (emphasis added). "A district court should exclude from the lodestar amount hours that are not reasonably expended because they are 'excessive, redundant, or otherwise unnecessary.'" *Van Gerwen v. Guarantee Mut. Life Co.*, 214 F.3d 1041, 1045 (9th Cir. 2000) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).

"Although in most cases, the lodestar figure is presumptively a reasonable fee award, the district court may, if circumstances warrant, adjust the lodestar to account for other factors which are not subsumed within it." *Ferland*, 244 F.3d at 1149, n. 4. Thus, the district court may adjust the "lodestar" figure upward or downward taking into consideration twelve "reasonableness" factors:

> (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.

*Evon*, 688 F.3d at 1033 (quoting *Morales*, 96 F.3d at 363 n. 8). Because the lodestar amount is presumptively reasonable, an adjustment of the amount upward or downward should only occur in "'rare' and 'exceptional' cases, supported by both 'specific evidence' on the record and detailed findings'…that the lodestar amount is unreasonably low or unreasonably high." *Van Gerwen*, 214 F.3d at 1045 (citing *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565 (1986) (quoting *Blum v. Stenson*,

465 U.S. 886 (1984)); *Blum*, 465 U.S. at 897; *D'Emanuele v. Montgomery Ward & Co.*, 904 F.2d 1379, 1384, 1386 (9th Cir. 1990); *Cunningham v. County of Los Angeles*, 879 F.2d 481, 487 (9th Cir. 1989)). When calculating fee award, the Court has an obligation "to articulate…the reasons for its findings regarding the propriety of the hours claimed or for any adjustments it makes either to the prevailing party's claimed hours or to the lodestar." *Ferland*, 244 F.3d at 1148 (quoting *Gates v. Deukmejian*, 987 F.2d 1392, 1398 (9th Cir. 1992)).

### III. DISCUSSION

American Family argues that the Court should deny Plaintiff's Motion for Attorneys' Fees for three reasons: "(1) this Court's Rule 54.2 bars the hearing of his motion, as he filed it without first attempting to confer about the reasonableness of his fees; (2) Mr. Jarman should not be entitled to fees in the first place; and (3) the amount of fees he seeks is excessive." (Doc. 224 at 1.) The Court will address each of these arguments in turn.

#### A. Failure to Comply with LRCiv 54.2

American Family first argues that the Court should deny Plaintiff's fee application because Plaintiff failed to comply with LRCiv 54.2. Rule 54.2(d)(1), LRCiv, provides that "No motion for award of attorneys' fees will be considered unless a separate statement of the moving counsel is attached to the supporting memorandum certifying that, after personal consultation and good faith efforts to do so, the parties have been unable to satisfactorily resolve all disputed issues relating to attorneys' fees…" American Family urges the Court to deny Plaintiff's motion, arguing, "Mr. Jarman's counsel did not attempt to confer with American Family's counsel at any time before filing the Application, nor does the Application claim that they did." (Doc. 224 at 2.) In his reply, Plaintiff argues that he can "cure the inadvertent defect" and attaches an email conversation between himself and American Family's in-house counsel, Chuck Ledbetter, where Plaintiff offered American Family a post-verdict settlement of $5.15 million, inclusive of attorneys' fees. (Doc. 227 at 1, Ex. 1.)

While American Family cites cases where courts have denied motions for attorneys' fees due to the lack of compliance with LRCiv 54.2(d)(1), Plaintiff cites cases where courts have overlooked the offense. The requirements of LRCiv 54.2 "are not advisory, but mandatory." *Societe Civile Succession Richard Guino v. Beseder Inc.*, No. CV 0301310-PHX-MHM, 2007 WL 3238703, at *7 (D. Ariz. Oct. 31, 2007). However, "[c]ourts in this district may overlook such procedural shortcomings at their discretion, especially when doing so would not prejudice a defendant." *Skydive Arizona, Inc. v. Quattrocchi*, No. CV 05-2656-PHX-MHM, 2011 WL 1004945, at *1 (D. Ariz. Mar. 22, 2011) (citing *Hoskins v. Metro. Life Ins. Co.*, No. CV-06-1475-PHX-FJM, 2008 WL 2328741, at *2 (D. Ariz. June 4, 2008)); *In re Arb. Proceeding Between: Scottsdale Ins. Co. v. John Deere Ins. Co.*, No. CV-15-00671-PHX-PGR, 2016 WL 3951740, at *1 (D. Ariz. July 22, 2016) ("the Court concludes that an appropriate sanction for John Deere's failure to comply with Rule 54.2(d)(1) is to deny its request for $2,002.00 in attorneys' fees it incurred in filing its fee application.").

Here, there is no question that Plaintiff failed to comply with the requirements of Rule 54.2(d)(1). Plaintiff's counsel attempted to remedy this failure by attaching emails to his reply in which Plaintiff's counsel discussed settlement with American Family's in-house counsel. (Doc. 227-1.) The emails do not satisfy the requirements of LRCiv 54.2(d)(1). First, the rule requires *personal* consultation. LRCiv 54.2(d)(1) (emphasis added). "Personal consultation means personal contact, such as occurs in person, face-to-face, or on the telephone, not communication by letters, faxes or emails." *Shupe v. Kroger Co.*, No. CV-17-00496-TUC-DCB, 2018 WL 9708467, at *1 (D. Ariz. Mar. 6, 2018); *see also Sandpiper Resorts Dev. Corp. v. Glob. Realty Invs., LLC*, No. 2:08-CV-01360 JWS, 2012 WL 2009965, at *1 (D. Ariz. June 5, 2012) (finding emails do not satisfy the requirement of personal consultation); *Bustamante v. Graco, Inc., No*. CV03-182TUCJMR, 2005 WL 5976149, at *1 (D. Ariz. Dec. 1, 2005) ("'[P]ersonal consultation and sincere efforts' require more than written correspondence; it requires in-person or telephonic consultation." (citing *Hunter v. Moran,* 128 F.R.D. 115, 116 (D. Nev. 1989))).

Second, the rule requires the parties to discuss issues surrounding attorney's fees, not settlement generally. Accordingly, the Court finds that Plaintiff failed to comply with LRCiv 54.2(d)(1). While the Court will suspend the rule in this instance,[2] it will subtract Plaintiff's proposed fee award for his preparation of the fee application as consequence of this failure (16.3 hours billed by Mr. Chami) and will decline to award any future fees for Plaintiff's reply.

American Family also points out that Plaintiff failed to attach his fee agreement to his fee application. (Doc. 224 at 3.) However, Plaintiff cured that defect when he produced the fee agreement in response to an order from this Court. (Doc. 241 (order); Doc. 242 (notice and fee agreement).)

## B.  Plaintiff's Entitlement to Fees Under A.R.S. § 12-341.01

American Family argues that Plaintiff is not entitled to fees under A.R.S. § 12-341.01 for several reasons. First, American Family points out that, under A.R.S. § 12-341.01, an attorney's fee award "may not exceed the amount paid or agreed to be paid" by the client. However, because Plaintiff failed to attach the fee agreement to his motion, American Family contends that the Court cannot determine this amount.[3] (Doc. 224 at 4.) Second, American Family argues that Plaintiff waived any argument that his case merits an award of attorneys' fees under A.R.S. § 341.01 by failing to argue or even cite the *Associated Indemnity* factors. *See Associated Indem. Corp. v. Warner*, 694 P.2d 1181, 1184 (1985). Third, American Family argues that the factors under *Associated Indemnity* do not

---

[2] The Court, under LRCiv 83.6, may exercise discretion to suspend the Local Rules of Civil Procedure in this district when appropriate. *See In re Arb. Proceeding Between: Scottsdale Ins. Co. v. John Deere Ins. Co.*, No. CV-15-00671-PHX-PGR, 2016 WL 3951740, at *1 (D. Ariz. July 22, 2016) (awarding attorneys' fees despite non-compliance with LRCiv 54.2(d) pursuant to LRCiv 83.6 and deciding that an appropriate sanction was denying request for attorneys' fees incurred from preparing the application for attorneys' fees); *see also Skydive Arizona, Inc. v. Quattrocchi,* No. CV 05-2656-PHX-MHM, 2011 WL 1004945 (D. Ariz. Mar. 22, 2011) (calling the failure to comply with LRCiv 54.2(d) "regrettable and sloppy" but nonetheless awarding attorneys' fees).

[3] As the Court states above, this defect was cured by the production of the fee agreement in response to this Court's order.

- 6 -

weigh in Plaintiff's favor. (Doc. 224 at 5.)

### 1. The Amount Agreed to be Paid by Plaintiff

Plaintiff agreed to a contingency fee of forty percent (40%) of "the gross amount collected or recovered ('gross amount collected' means the amount collected before any subtraction of expenses and disbursements)." (Doc. 242-1.) Forty percent of the $2.8 million remitted verdict is $1,020,000. Thus, Plaintiff's fee award cannot exceed this amount.

### 2. Plaintiff's Failure to Argue *Associated Indemnity* Factors

American Family next argue that Plaintiff "waived any argument that he deserves the fees under *Associated Indemnity* and its factors by failing to cite the case or the factors and failing to argue the point." (Doc. 224 at 5.) A district court need not consider arguments not raised in a movant's motion and raised for the first time in a reply brief. *Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007). Nonetheless, the Court, in its discretion, will consider the *Associated Indemnity* factors relying on the facts of this case and on American Family's arguments.

### 3. *Associated Indemnity* Analysis

American Family argues that even if the Court does consider the *Associated Indemnity* factors, the factors weigh in favor of denying Plaintiff's fee application. Specifically, American Family argues that factors 1, 4, 5, and 6 weigh against granting attorneys' fees.

As to the first factor of the analysis, whether the merits of the unsuccessful party's claim was meritorious, American Family argues that its defense had merit. *See Tucson Ests. Prop. Owners Ass'n v. McGovern*, 366 P.3d 111, 115 (Ariz. Ct. App. 2016) (upholding the trial court's denial of attorney's fees because the merits of the case were "equally balanced"). American Family further points out that it successfully defended against Plaintiff's punitive damages claim. While American Family's defense did have some merit, as explained in the Court's order denying American Family's Renewed Motion for Judgment as a matter of law, the evidence properly supported the jury's verdict that

American Family engaged in insurance bad faith. (Doc. 240.) The Court finds this factor neither weighs for or against awarding fees in this case.

American Family does not address the second factor, whether the litigation could have been avoided or settled and the successful party's efforts were completely superfluous in achieving the result. As Plaintiff mentions in his reply, Plaintiff's fee application highlights that the parties participated in mediation and that the parties could not come to terms. (Doc. 219 at 7.) The Court is not familiar with the reasonableness of each parties' position during settlement and will not speculate whether the claim could have been settled for a reasonable amount.

American Family also does not submit an argument on the third factor, whether assessing fees against the unsuccessful party would cause an extreme hardship. The Court can reasonably assume that assessing fees against American Family would not be a hardship.

As to the fourth claim, whether the successful party did or did not prevail with respect to all of the relief sought, American Family argues that Mr. Jarman's claims for intentional infliction of emotion distress and punitive damages failed. In addition, American Family highlights the fact that Plaintiff asked the jury for $11,200,000 in damages but only was awarded $4,500,000. While these are true statements, this seems to be a case where Plaintiff aimed for the moon and landed among the stars with the ultimate damages award. While he did not receive everything he asked for in the verdict, the jury's award nonetheless was exceptionally high. Further, the verdict was based solely on Plaintiff's bad faith claim which was the claim that sounded in contract.

The fifth *Associated Indemnity* factor asks whether the legal questions presented were novel and whether such claim or defense had previously been adjudicated in this jurisdiction. American Family argues that bad faith in the delay or denial of medical authorization causing injury is "widely" litigated in Arizona. This is true. Bad faith insurance claims are often litigated in Arizona.

Lastly, as to the sixth factor, whether the award in any particular case would

discourage other parties with tenable claims or defenses from litigating or defending legitimate contract issues for fear of incurring liability for substantial amounts of attorney's fees, American Family argues that this case would negatively impact bad faith litigation if fees were awarded. The Court does not accept American Family's argument. The evidence at trial was sufficient for a jury to find that the insurer engaged in bad faith. (Doc. 240.) Accordingly, while it will have some deterrent effect for insurers, it is not because the evidence did not support liability on the claim.

On the balance, the Court finds that the *Associated Indemnity* factors weigh in favor of awarding attorneys' fees in this case. Accordingly, the Court will, in its discretion, award fees.

### C. The Amount of Fees under the Lodestar Method

American Family argues that even if the Court decides to award fees, "it should deny fees anyway because "the Application seeks a manifestly unreasonable amount of fees in a manifestly unreasonable way." (Doc. 224 at 8.) American Family accuses Plaintiff of dumping a mound of paperwork on the Court for it to determine what is reasonable. The Court agrees that Plaintiff has engaged in a paper dump. Nonetheless, the Court will attempt to wade through the documents.

#### 1. Block Billing

American Family first takes exception with Plaintiff's counsel's practice of block billing. The practice of block billing violates Local Rule 54.2(e). *Lexington Ins. Co. v. Scott Homes Multifamily Inc.*, No. CV-12-02119-PHX-JAT, 2016 WL 5118316, at *18 (D. Ariz. Sept. 21, 2016) (reducing the fee awarded for a block billed entry by 20%). "While not forbidden by caselaw, block-billing makes it nearly impossible for the Court to determine the reasonableness of the hours spent on each task." *Med. Protective Co. v. Pang*, 25 F. Supp. 3d 1232, 1247 (D. Ariz. 2014) (stating the court would reduce the award accordingly where it could not distinguish between the times claimed for various tasks and subtracting 33.7 hours from the lodestar calculation).

Here, worse block billing practices can hardly be imagined. In a single entry titled

1  "trial prep" which includes at least three tasks, Mr. Shah records 201 hours from August
2  12, 2020 to August 24, 2020, requesting a total of $100,500 in fees for this single entry.
3  (Doc. 219-4 at 8.) On the next line, Mr. Shah includes an entry simply labeled "Trial –
4  includes after trial review of daily transcripts/preparing." (*Id.*) For this single entry, Mr.
5  Shah records 151 hours. (*Id.*) This is clearly an egregious example of block billing, leaving
6  the Court unable to determine how much time was spent on specific tasks subsumed within
7  each entry. Mr. Shah has essentially credited himself with an average of 15.5 hours per day
8  for 13 straight days for "trial prep." For trial, Mr. Shah credits himself with an average of
9  13.7 hours per day billed for eleven straight days. These entries clearly run afoul of Rule
10 54.2(e) of the local rules. This kind of egregious block billing is simply unacceptable.
11 Therefore, the Court will reduce both entries. For Mr. Shah's entry related to trial prep, the
12 Court will reduce the entry to give Mr. Shah credit for 8 hours billed per day, which totals
13 104 hours when multiplied by 13 days. For the 11 days of trial, the Court will give Mr.
14 Shah credit for 11 hours per day, which reduces the total time spent at trial to 121 hours.
15 This will reduce the total hours included in Mr. Shah's fee award to 569.[4]

### 2. Reasonableness of Time Spent for Support Staff

American Family next takes exception with Plaintiff's failure to attach an affidavit for fees requested for Florence Lirato, James Dey, and Mallory Kay Crow. Local Rule 54.2(d)(4) requires a fee application to be accompanied by an "affidavit of moving counsel" which sets forth (A) the background of each attorney for whom fees are claimed, (B) the reasonableness of the rate, and (C) the reasonableness of time spent and expenses incurred. LRCiv 54.2(d)(4). American Family points out that while Plaintiff attached such an affidavit for each of the three attorneys who worked on Plaintiff's case, he failed to do so for each of the three support staff. Plaintiff states for the first time in his reply what the roles of the three individuals are. (Doc. 227 at 8.) Apparently two are paralegals and one is a law clerk, facts that are not listed anywhere else in Plaintiff's pleadings or supporting

---

[4] Although American Family takes exception with several earlier entries from Mr. Shah and Mr. Chami, the Court does not find the cited entries problematic enough to address.

- 10 -

documents. Plaintiff argues that an affidavit is only required for attorneys under this rule.

American Family also argues that some of the tasks listed in Plaintiff's fee application for the support staff are clerical in nature. Tasks which are clerical in nature are not recoverable. *Pearson v. Nat'l Credit Sys., Inc.*, No. CV10-526-PHX-MHM, 2010 WL 5146805, at *3 (D. Ariz. Dec. 13, 2010) (citing *Missouri v. Jenkins*, 491 U.S. 274, 288, n. 10 (1989)); *Schrum v. Burlington N. Santa Fe Ry. Co.*, No. CIV 04-0619-PHX-RCB, 2008 WL 2278137, at *12 (D. Ariz. May 30, 2008) ("Some of the tasks for which primarily paralegal Murphy billed are secretarial or clerical in nature, and thus are not recoverable as part of a reasonable attorneys' fee award.").

The Court finds that there are a few issues with Plaintiff's fee request for the three support personnel. First, American Family correctly points out that without an affidavit for these three individuals, the Court is unable to determine whether the rates charged by the three were reasonable.[5] In fact, without affidavits, it is even unclear what firm these individuals worked with the exception of Florence Lirato whose entries are interspersed with those of Mr. Chami. (Doc. 219-2.) Next, some of the items billed by the three support personnel are clearly clerical in nature.[6] Lastly, the entries from the support staff include several block billed entries, including one from James Dey where he credits himself with a 47-hour entry for the 11 days between the start to the end of trial.[7] (Doc. 219-6 at 2.) In light of these issues, the Court will exercise its discretion to decline to award fees for the three support staff. Thus, the Court will subtract $15,342.50 from the total fee award for the fees of James Dey, $10,875 for the fees of Mallory Crow, and $3,495 for the fees of Florence Lirato.

### 3. Reasonableness of Fees Charged by Plaintiff's Counsel

---

[5] James Day charged $95 per hour, (Doc. 219-6), Mallory Crow charged $150 per hour, (Doc. 219-5), and Florence Lirato charged $150 per hour. (Doc. 219-2.)
[6] For example, Florence Lirato's entries include time scanning and uploading, saving, filing, mailing, and printing. (Doc. 219-2.)
[7] In the entry, Mr. Dey credits himself or "taking care of our client." (Doc. 219-6 at 2.) Presumably, this meant that Mr. Dey was taking care of Mr. Jarman. This is not a billable task.

1      The lodestar method is calculated by multiplying the number of hours the prevailing
2 party reasonably expended by a reasonable hourly rate. *Ferland v. Conrad Credit Corp.*,
3 244 F.3d 1145, 1149, n. 4 (9th Cir. 2002). The fee applicant has the burden of producing
4 "satisfactory evidence—in addition to the attorney's own affidavits—that the requested
5 rates are in line with those prevailing in the community for similar services by lawyers of
6 reasonably comparable skill, experience, and reputation." *Blum v. Stenson*, 465 U.S. 886,
7 895 (1984).

8      American Family argues that the fees charged by Plaintiff's counsel are higher than
9 reasonable. In support of its argument, American Family points out that Mr. Chami, Mr.
10 Shah, and Ms. Gerardy do not provide evidence to support their fees besides citations to
11 previous attorney fee awards that Mr. Chami received in consumer and employment
12 matters. It is true that this is the only evidence Plaintiff cites to besides his attorneys' own
13 affidavits despite the fact that Plaintiff concedes that he has the burden of producing
14 evidence that his lawyers' rates are in line with those prevailing in the community by
15 lawyers of similar skill and experience. *See Blum*, 465 U.S. at 895. American Family also
16 argues that the cases cited by Plaintiff to support the reasonableness of his counsels' hourly
17 rates are not comparable to this case because one was an employment case, one is a
18 California consumer law case, and one involved fees for a discovery dispute in a consumer
19 litigation matter. *See Sullivan v. Salt River Project*, 12-01810 (D. Ariz. Oct. 23, 2014)
20 (awarding Mr. Chami $400 per hour); *Parker v. Peters & Freedman, LLP*, No. SA CV 17-
21 0667-DFM, 2019 WL 174979 (C.D. Cal. Jan. 11, 2019) (awarding Mr. Chami $500 per
22 hour); *Gross v. Citibank, N.A.*, 18-02013 (D. Ariz. Nov. 13, 2019) (awarding Mr. Chami
23 $500 per hour). In *Parker*, Mr. Chami submitted a letter from a California attorney
24 experienced in consumer litigation who attested that $500 per hour for Mr. Chami's rate
25 was reasonable. *Parker*, 2019 WL 174979, at *3. Here, Plaintiff has not submitted a letter
26 or affidavit from another attorney experienced in personal injury or bad faith insurance
27 claims attesting that the rates charged by counsel are reasonable. American Family urges
28 the Court to reduce Mr. Chami, Mr. Shah, and Ms. Gerardy's fees to those rates listed in

the 2019 edition of the State Bar of Arizona's Economics of Law Practice Report.[8]

In his reply, Plaintiff argues that a statewide survey does little to determine the appropriate billing rate for an attorney in Phoenix. *See Kaufman v. Warner Bros. Ent. Inc.*, No. CV-16-02248-PHX-JAT, 2019 WL 2084460, at *12 (D. Ariz. May 13, 2019) ("the statewide survey submitted by Plaintiff 'does little to determine the appropriate billing rate for an attorney in Phoenix that is experienced in [intellectual property] litigation.'" (alterations original) (citing *Jackson v. Wells Fargo Bank, N.A.*, No. CV-13-00617-PHX-SPL, 2015 WL 13567069, at *2 (D. Ariz. Oct. 23, 2015))). The Court notes that *Kaufman* pointed out that the statewide survey had little application to Phoenix *intellectual property* attorneys.

Plaintiff has failed to produce enough evidence of the reasonableness of his counsels' fees. While Plaintiff does point to fees his counsel obtained in other cases, he fails to produce any other evidence, besides his counsels' own affidavits, to prove that the rates charged by his attorneys are reasonable in this matter. This failure is relevant to the fifth lodestar factor, the customary fee charged in matters of the type involved. In Plaintiff's analysis of this factor, he concedes that "[t]he hourly rate must be based on 'customary fees in cases of like difficulty.'" (Doc. 219 (quoting *Semar v. Platte Valley Fed. Sav. & Loan Ass'n*, 791 F.2d 699, 706 (9th Cir. 1986))). Nonetheless, Plaintiff failed to produce any such evidence. Thus, the Court has determined that this factor warrants a reduction in hourly rates.

It is clear that Mr. Chami and Mr. Shah are quite experienced and have been successful considering their limited years of experience in the legal field. Thus, the Court does believe that they warrant fees that are higher than the average Arizona attorney with similar years of experience. Accordingly, the Court determines that a reasonable rate for Mr. Chami is $450 per hour and that a reasonable rate for Mr. Shah is $400 per hour. The

---

[8] The report lists the average and mediate hourly rate for a 10-19 year attorney as $308, 5-9 year attorney as $288, and an attorney with less than 5 years of experience as $248. Mr. Chami had been licensed for roughly 10 years at the conclusion of the trial, Mr. Shah had been licensed for roughly 7 years, and Ms. Gerardy had been licensed for roughly 2 years.

Court will not reduce Ms. Gerardy's hourly rate in light of the fact that it is comparable to that of an attorney with her same experience. The reduction in the hourly rate of Mr. Chami and Mr. Shah will reduce Mr. Chami's total fee award from $556,210 to $456,165 (1013.7 hours[9] multiplied by $450) and Mr. Shah's total fee award from $284,500 to $227,600. The Court finds that these fees are reasonable in light of the remaining lodestar factors.

American Family contends that although Mr. Chami claims that his rate changed from $500 per hour to $550 per hour on January 1, 2020, that Mr. Chami inexplicably asks this Court for $550 per hour from June 15, 2017 to November 2018. American Family is correct. Plaintiff appears to have made a clerical error in asking for $550 for these dates instead of $500. The Court has corrected this error by calculating his total fee by multiplying all of Mr. Chami's hours billed by $450 per hour.

### 4. Reasonableness of Time Spent on the Case

American Family next takes exception with Ms. Gerardy's time entries, pointing out that most of her entries are rounded to the nearest half hour. Because of this, American Family contends that her entries "do not appear credible." While many of her entries indeed are recorded in half hour increments, that is not the case for all her entries. The Court is unwilling to find that Ms. Gerardy's entries lack credibility just because most of her billing was done in half hour increments.

American Family argues that Mr. Chami billed over 12 hours on the case on 13 days between July 14, 2020 and August 20, 2020. All of these days were prior to the start of trial. The Court finds that the fees are not unreasonable simply because Mr. Chami billed over 12 hours a day for 13 days as he prepared for trial. American Family also complains that Mr. Chami billed 44 hours between March 14, 2019 to March 18, 2019 for three depositions that took only 7.5 hours combined. The Court is unwilling to find that this is unreasonable enough to warrant a reduction.

American Family also argues that the fee application unreasonably seeks fees

---

[9] Above, the Court cut 16.3 hours from Mr. Chami's hours for the time spent preparing the fee application for failing to confer with American Family.

- 14 -

1  relating to dismissed Defendants Efficient Electric and Sedgwick Claims Management
2  Services, Inc ("Sedgwick"). In Exhibit 1 to American Family's response, American Family
3  lists entries in which Mr. Chami, Mr. Shah, and Ms. Gerardy include time billed against
4  Efficient Electric and Sedgwick. After reviewing the entries relating to Efficient Electric
5  and Sedgwick, the Court finds that all three attorneys billed time that was solely attributable
6  to the Efficient Electric and Sedgwick Defendants. Mr. Chami billed 11.9 hours, Mr. Shah
7  billed 1.5 hours, and Ms. Gerardy billed one hour attributable to the dismissed Defendants.
8  The Court will reduce the total fee award by these hours.

9  American Family next argues that Plaintiff has not identified hours billed for the
10 claim of intentional infliction of emotional distress and its punitive damages claim. It is
11 true that Plaintiff has failed identify which billing entries relate to these claims. However,
12 since all claims were related to the same facts, the Court finds that it was not unreasonable
13 to differentiate between different claims in billing entries.

### 5. Costs and Expenses

American Family also urges the Court to disallow Plaintiff's non-taxable costs and expense such as clothes for Mr. Jarman, a hotel stay for Mr. Jarman, and demonstrative exhibits. "Allowing a party to recover non-taxable costs under the guise of attorneys' fees would undermine the legislative intent expressed in A.R.S. § 12-332." *Ahwatukee Custom Ests. Mgmt. Ass'n, Inc. v. Bach*, 973 P.2d 106, 107 (Ariz. 1999) (finding that non-taxable costs and expenses are not recoverable as attorneys' fees pursuant to A.R.S. § 12-341.01). In its reply, Plaintiff states, "Mr. Jarman is confident this court can differential [*sic*] which costs with [*sic*] inadvertently included and which costs are properly recoverable in this case." In other words, Plaintiff is hoping that the Court will do the hard work for him. A party requesting an award of attorney's fees pursuant to A.R.S. § 12-341.01(A) has the burden of proving entitlement to such an award. *Woerth v. City of Flagstaff*, 808 P.2d 297, 304 (Ariz. Ct. App. 1990). Even the LRCiv 54.2(e)(3) warns, "Failure to itemize and verify costs may result in their disallowance by the court." It's clear that Plaintiff's costs and expenses contain non-taxable costs. The Court refuses to go through line-by-line and

analyze which ones are non-taxable.[10] Accordingly, Plaintiff's request for $74,008.24 in costs will be denied in its entirety.

### D. Post Judgment Interest

Plaintiff claims that he is entitled to post judgment interest, starting from the date of the judgment. (Doc. 219 at 14.) In his motion, Plaintiff promised to "supply the court with the appropriate interest rate and daily calculator until the judgment is paid when his reply brief [was] filed." However, Plaintiff failed to do so. The Court will resolve this issue by separate motion if one is submitted by Plaintiff.

## IV. CONCLUSION

The Court will award the following fees for Plaintiff's counsel: 1,001.8 hours at $450 per hour for Mr. Chami; 567.5 at $400 per hour for Mr. Shah; and 434.65 at $250 per hour for Ms. Gerardy. The total fee awards for each attorney are as follows: $450,810 for Mr. Chami; $227,000 for Mr. Shah; and $108,662.50 for Ms. Gerardy for a total fee award of $786,472.50.

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion for Attorneys' Fees, Non-Taxable Expenses, and Pre- and Post-Judgment Interest is granted in part and denied in part. (Doc. 219.) Plaintiff's request for attorneys' fees is granted with the reductions explained above. Plaintiff's request for costs and expenses is denied.

**IT IS FURTHER ORDERED** that Plaintiff is awarded $786,472.50 in attorneys' fees to be paid by American Family pursuant to A.R.S. § 12-341.01.

Dated this 13th day of May, 2021.

Honorable Susan M. Brnovich
United States District Judge

---

[10] "As the Seventh Circuit observed in its now familiar maxim, '[j]udges are not like pigs, hunting for truffles buried in briefs.'" *Indep. Towers of Washington v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003).